WELCH, Judge,
dissenting.
The main opinion correctly sets forth the relevant legal standards regarding appellate review of a trial court’s ruling on a motion to suppress, but it has failed to apply those standards. Therefore, I dissent.
The trial court granted J.L.D.’s motion to suppress evidence seized following a traffic stop and, as the main opinion correctly notes, the trial court based its judgment on the testimony of Officer Brosius and J.L.D., and on its review of a videotape of a portion of the stop. The trial court stated that Officer Brosius was less than truthful and that his testimony of the events contained “many discrepancies” from what was depicted on the videotape. (October 7, 2009, trial court’s return to remand.)
“The determination of the credibility and veracity of the witnesses and evidence is the responsibility of the trial court, not the appellate court.” Ware v. State, 949 So.2d 169, 180 (Ala.Crim.App.2006). The main opinion acknowledges this rule of law but declines to apply it here. Instead, the main opinion states that “[t]he conflicts in the testimony did not concern an element of the offense or a matter essential to the proof of this offense,” 39 So.3d at 224, that “[a]ny discrepancies in Officer Brosius’s testimony at the first hearing and his subsequent testimony as well as what the video portrays relate to lapses in memory or concern matters that do not affect the proof of the commission of the offense, but rather address the weight and credibility to be accorded his testimony,” 39 So.3d at 223, and it holds that “because the evidence, even in light of the discrepancies in Officer Brosius’s testimony, clearly supported a case of possession of cocaine, the trial court abused its discretion in granting J.L.D.’s motion to suppress.” 39 So.3d at 224. Finding that the evidence would be sufficient to prove J.L.D.’s guilt, the main opinion reverses the trial court’s judgment. I find no legal support for the reversal and no reason to interfere with the credibility determinations the trial court made after observing the witnesses testify. The weight of the evidence against J.L.D. is an issue wholly separate from whether evidence was wrongfully obtained by the police. A violation of a defendant’s constitutional rights is not somehow' negated if the prosecution has a strong case against him.
The main opinion quotes and relies on State v. Mitchell, 722 So.2d 814 (Ala.Crim.App.1998), but that ease is not dispositive. The trial court in Mitchell granted a defense motion to suppress cocaine seized following Mitchell’s arrest on a charge of public intoxication. The police officer had initially stopped to investigate the situation because Mitchell and his companion had stopped théir vehicle in the middle of a public roadway and had turned on the hazard lights. The officer learned that Mitchell and his companion had been arguing, and he saw Mitchell walk away from the vehicle and continue to walk near the edge of the road. An officer who arrived *226 to assist the responding officer testified that he observed Mitchell stumble a few times, smelled alcohol on Mitchell, and noticed that his speech was slurred. Mitchell' was arrested for public intoxication, and at some time during this incident — the evidence as to this point was unclear — Mitchell threw cocaine on the ground or it was found in his pocket, or perhaps both. Mitchell was subsequently charged with possession of that cocaine, and the trial court granted Mitchell’s motion to suppress the cocaine. In reviewing the trial court’s judgment, .this Court inferred that the trial court had granted the motion because of the discrepancy in the arresting officer’s explanations about whether, the cocaine was found in Mitchell’s pocket or whether Mitchell had thrown the cocaine on the ground. This Court determined that suppression was not warranted, in part, because Mitchell had been lawfully arrested for public intoxication and some of the cocaine would have been found in the search incident to that arrest.
Relying on this Court’s holding in Mitchell, the main opinion states: “Officer Brosius was entitled to approach the vehicle because he and Officer Bogan stated that they saw J.L.D. driving a vehicle at night with no lights. J.L.D. admitted that crack cocaine was found in his pocket at the scene.” 39 So.3d at 223. Notably absent from this case, unlike Mitchell, is a lawful arrest and subsequent search incident to that arrest that revealed the possession of cocaine. Therefore, unlike Mitchell, the discrepancies in the officer’s testimony in this case that led the trial court to determine that the officer was not truthful undermined the legality of J.L.D.’s seizure and the discovery of the cocaine. Therefore, the trial court’s assessment of the officer’s credibility was crucial to a determination of whether the cocaine was due to be suppressed. It is that very crucial assessment, made by the judge who observed the witnesses and who was in a far better position to make that determination, that the main opinion casts aside based on its own weighing of the testimony from Officer Brosius and from J.L.D. and from its consideration of the videotape. An appellate court is not in a position to make these vital credibility determinations, and the main opinion errs in doing so.
A trial court is vested with the determination of the facts in a hearing on a motion to suppress. An experienced trial judge is in a position to see whether the witness testified forthrightly or hesitatingly; the expression on the witness’s face; whether the witness looked to the attorney calling him for help when asked a difficult question; whether the witness’s gestures indicated deception or honesty; whether the direction of the witness’s gaze was appropriate to indicate that he was recalling a remembered fact or creating a response. I have no opinion about whether the witness testified falsely or not; it is not my business as an appellate judge to form that opinion. This court cannot read a cold transcript and make credibility decisions. That function is properly placed in our trial judges.
I believe that the majority has usurped the role of the trial court and that the trial court’s order granting the motion to suppress should be affirmed. There is no evidence in the record indicating that the court abused its discretion.
For the foregoing reasons, I respectfully dissent.